YUN LIU, Petitioner,

v.

Alberto R. GONZALES,[1] Respondent.

No. 03–40514–ag.

United States Court of Appeals,
Second Circuit.

Aug. 7, 2007.

Gerald Karikari, Of Counsel to Fengling Liu, New York, N.Y., for Petitioner.

Charles T. Miller, United States Attorney for the Southern District of West Virginia, Gary L. Call, Assistant United States Attorney, Charleston, W.V., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Yun Liu, a citizen of the People's Republic of China, seeks review of an August 28, 2003 order of the BIA affirming the January 7, 2002 decision of Immigration Judge ("IJ") John Opaciuch, denying his applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Yun Liu,* No. A78 745 623 (B.I.A. Aug. 28, 2003), *aff'g* No. A78 745 623 (Immig. Ct. N.Y. City Jan. 7, 2002). We assume the parties' familiarity with

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ The IJ's determination that Liu failed to establish past persecution or a well-founded fear of future persecution is supported by substantial evidence. In order to constitute persecution, the harm inflicted on a petitioner must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006). Here, even if, as the IJ reasonably determined, Chinese government officials threatened Liu with arrest in order to punish him for expressing an anti-government political opinion, the government's actions are not sufficiently severe to rise above "mere harassment." The threat of arrest or of "education" alone does not rise to the level of persecution. *Kim v. Gonzales,* 458 F.3d 40, 48 n. 11 (2d Cir.2006).

■ In addition, substantial evidence supports the IJ's finding that Liu's fear of persecution was undermined by the fact that similarly situated persons in his village have not been harmed. As the IJ noted, Liu's father, who had protested the village committee's decision "many times," was never arrested or otherwise harmed by the government. Moreover, when Liu was asked what happened to 10 of his neighbors who had filed a complaint against the government, he indicated that their complaint was ignored, but did not testify that the government retaliated against them in any way. *See Poradisova v. Gonzales,* 420 F.3d 70, 80 (2d Cir.2005).

Because Liu was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003). Finally, Liu failed to challenge the IJ's CAT determination in his appeal to the BIA, or before this Court; so we deem any such challenge unexhausted and waived. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 118 (2d Cir.2007); *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Accordingly, Liu's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).